Lynette Gridiron Winston (#151003)
  lwinston@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California  91101-2459
Tel:  (626) 535-1900 | Fax:  (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.,
(erroneously sued as "Wells Fargo Home
Mortgage", which is a division of Wells
Fargo Bank, N.A.) ("Wells Fargo")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH QUINONES,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE; and DOES 1 through 30,<br><br>Defendants. | CASE NO.: 2:14-cv-04421-ODW (RZx)<br><br>**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   August 18, 2014<br>Time:  1:30 p.m.<br>Ctrm:   11<br><br>*[Assigned to the Hon. Otis D. Wright, II, District Judge]* |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on August 18, 2014, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 11 of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, CA  90012, defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB

1  (erroneously sued as "Wells Fargo Home Mortgage", which is a division of Wells
2  Fargo Bank, N.A.) ("Wells Fargo"), will move, pursuant to Federal Rules of Civil
3  Procedure 12(b)(6), for an order dismissing all claims for relief in the Complaint.
4      Grounds for the motion to dismiss are:
5      1.    <u>First Claim for Relief: Fraud</u>
6      Plaintiff fails to state a claim for relief for fraud because: (i) plaintiff fails to
7  plead the required elements and with specificity pursuant to Rule 9(b); and (ii)
8  plaintiff fails to plead facts sufficient to constitute a claim upon which relief can be
9  granted.
10     2.    <u>Second Claim for Relief: Quiet Title</u>
11     Plaintiff fails to state a claim for relief for quiet title because: (i) plaintiff
12 fails to plead a factual or legal basis entitling her to quiet title; (ii) plaintiff fails to
13 plead the required elements; (iii) plaintiff fails to plead facts sufficient to constitute
14 a claim upon which relief can be granted; and (iv) plaintiff has not tendered the
15 indebtedness.
16     3.    <u>Third Claim for Relief: Declaratory Relief</u>
17     Plaintiff fails to state a claim for declaratory relief because: (i) declaratory
18 relief is a remedy, not an independent claim for relief; (ii) plaintiff fails to plead a
19 factual or legal basis for the claim; (iii) plaintiff fails to plead the required
20 elements; (iv) plaintiff fails to plead facts sufficient to establish an ongoing
21 controversy; (v) plaintiff fails to plead facts sufficient to constitute a claim upon
22 which relief can be granted; and (vi) the claim is duplicative of plaintiff's other
23 substantive claims.
24     This motion is based on this Notice, the Memorandum of Points and
25 Authorities filed herewith, the accompanying Request for Judicial Notice, the
26 Complaint, the records and pleadings on file herein, and on such other evidence as
27 may be presented.
28 / / /

Anglin Flewelling Rasmussen Campbell & Trytten LLP

This motion follows a L.R. 7-3 conference of counsel which took place on June 4, 2014.

Dated: July 16, 2014

Respectfully submitted,

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: */s/ Lynette Gridiron Winston*
Lynette Gridiron Winston
lwinston@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A.
(erroneously sued as "Wells Fargo Home Mortgage", which is a division of Wells Fargo Bank, N.A.)

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 1

1. INTRODUCTION ................................................................................ 1

2. SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS .................................................................. 1

3. PLAINTIFF FAILS TO PLEAD A VIABLE CLAIM FOR FRAUD ............................................................................................ 3

4. PLAINTIFF FAILS TO STATE A CLAIM FOR QUIET TITLE ............. 7

5. PLAINTIFF FAILS TO STATE A CLAIM FOR DECLARATORY RELIEF ........................................................................ 7

6. CONCLUSION ..................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Brown v. Bank of Am. N.A.*
  2011 U.S. Dist. LEXIS 38991 (E.D. Cal. Mar. 31, 2011) ............................... 4

*Glen Holly Entm't, Inc. vs. Tektronix, Inc.*
  100 F. Supp. 2d 1086 (C.D. Cal. 1999) ........................................................ 3, 4

*Javaheri v. JPMorgan Chase Bank, N.A.*
  2012 U.S. Dist. LEXIS 114510 (C.D. Cal. Aug. 13, 2012) ............................ 7

*Mlejnecky v. Olympus Imaging Am., Inc.*
  2011 U.S. Dist. LEXIS 42333 (E.D. Cal. April 18, 2011) ............................. 3

*Moore v. Kayport Package Express, Inc.*
  885 F.2d 531 (9th Cir. 1989) .......................................................................... 3

*Pazargad v. Wells Fargo Bank, N.A.*
  2011 U.S. Dist. LEXIS 94850 (C.D. Cal. Aug. 23, 2011) ............................. 8

*Rosenfeld v. JPMorgan Chase Bank, N.A.*
  732 F. Supp. 2d 952 (N.D. Cal. 2010) ........................................................... 7

*Santos v. Countrywide Home Loans*
  2009 U.S. Dist. LEXIS 103453 (E.D. Cal. Nov. 6, 2009) ............................. 8

*Schreiber Distrib. Co. v. ServWell Furniture Co.*
  806 F.2d 1393 (9th Cir. 1986) ....................................................................... 3

*Swartz v. KPMG LLP*
  476 F.3d 756 (9th Cir. 2007) ......................................................................... 8

*United States v. Washington*
  759 F.2d 1353 (9th Cir. 1985) ....................................................................... 8

### STATE CASES

*Aguilar v. Bocci*
  39 Cal. App. 3d 475 (1974) ........................................................................... 7

*Cadlo v. Owens-Illinois, Inc.*
   125 Cal. App. 4th 513 (2004) .......................................................................... 3

*Conroy v. Regents of Univ. of Calif.*
   45 Cal. 4th 1244 (2009) .................................................................................. 6

*Gavina v. Smith*
   25 Cal. 2d 501 (1944) ..................................................................................... 7

*Graham v. Bank of America, N.A.*
   226 Cal. App. 4th 594 (2014) .......................................................................... 6

*Shimpones v. Stickney*
   219 Cal. 637 (1934) ........................................................................................ 7

*Wilhelm v. Pray, Price, Williams & Russell*
   186 Cal. App. 3d 1324 (1986) ......................................................................... 3

**RULES**

Fed. R. Civ. P. 9(b) ........................................................................................ 3, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

This is an action brought by the borrower against her lender arising out of a 2007 secured refinance loan and her subsequent default resulting in non-judicial foreclosure proceedings. Plaintiff brings this action alleging that defendant misrepresented information relating to the loan arrears and the foreclosure status and seeks to quiet title to the security property. However, as briefed below, plaintiff fails to state legally sufficient claims for relief. Wells Fargo therefore requests an order dismissing all claims for relief without leave to amend.

## 2.   SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS

On or about October 11, 2007, plaintiff Ruth Quinones obtained a $365,000.00 loan from World Savings Bank, FSB, secured by a deed of trust against real property located at 5103 N. Nearglen Avenue, Covina, California 91724 (the "Property"). (Comp. ¶2; Request for Judicial Notice ("RJN") Exh. A – Deed of Trust).[1]

Plaintiff alleges that in 2012 she experienced financial difficulties and was unable to make her monthly loan payments, which increased from $984.00 to $1074.00. (Comp. ¶8). Plaintiff defaulted on her loan in July 2012. (RJN Exh. C – 2012 Notice of Default). Plaintiff alleges that she attempted to modify her loan three times, but was denied each time. (Comp. ¶9). Plaintiff further alleges that the Property went into foreclosure status on March 21, 2013, when a Notice of Trustee's Sale was recorded. (Comp. ¶10; RJN Exh. D). According to plaintiff, a fire occurred at the Property on September 15, 2013, and on October 31, 2013, she spoke to an employee of Wells Fargo, Lisa Rayas, to obtain the amount needed to bring the loan current. (Comp. ¶11). Plaintiff alleges that Ms. Rayas represented

---

[1] Effective January 1, 2008, World Savings was renamed Wachovia Mortgage, FSB. In November 2009, Wachovia Mortgage, FSB changed its name to Wells Fargo Bank Southwest, N.A., before merging into Wells Fargo Bank, N.A. (hereinafter collectively, "Wells Fargo"). (RJN Exh. B).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

to her that she needed to pay $9,430.68 to bring the loan current, which was allegedly confirmed by a loan statement she received on or about November 20, 2013.  (Comp. ¶¶11, 12; RJN Exh. E – 11/20/13 Loan Statement).  Plaintiff alleges that based on that conversation and the November 20, 2013 loan statement, she made a payment of $9,430.86 to Wells Fargo on November 29, 2013.  (Comp. ¶13).  Plaintiff alleges that after the check cleared, she called Wells Fargo and was told that the loan was current and out of foreclosure and that her next payment was due in January 2014.  (Comp. ¶14).  Plaintiff then alleges that on December 16, 2013, she was advised by Regional Trustee Services that the foreclosure sale had been postponed.  (Comp. ¶15).  Plaintiff alleges that on December 31, 2013, Wells Fargo notified her that the interest rate and payment were due to increase on March 1, 2014.  (Comp. ¶16).

Plaintiff alleges that in January 2014, she was advised that the Property was still in foreclosure and the sale was set for January 8, 2014.  (Comp. ¶17).  Plaintiff alleges that she contacted Rhonda Hildreth at Wells Fargo and was told that she would look into it and get back to her.  (Comp. ¶17).  Plaintiff then received several letters from Wells Fargo advising that it was looking into the matter and should have a response by a certain date, the latest being February 6, 2014. (Comp. ¶¶18-20).  Plaintiff alleges that on February 3, 2014, she sent Wells Fargo her monthly loan payment of $1,347.24.  (Comp. ¶21).  Plaintiff further alleges that she believes the Property was sold on February 5, 2014.  (Comp. ¶22).  Plaintiff alleges that on February 10, 2014, she received a letter from Hildreth stating that the loan was in foreclosure and the sale set for February 5, 2014.  (Comp. ¶23).  According to plaintiff, on February 12, 2014, she received a letter from Rayas that her February payment was received but returned because the amount was insufficient to reinstate the loan.  (Comp. ¶24).  Plaintiff further alleges that on March 18, 2014, she received a letter from Wells Fargo that the loan was past due in the amount of $16,344.32.  (Comp. ¶25).

Based on these allegations, plaintiff asserts the following claims for relief: (1) fraud, (2) quiet title, and (3) declaratory relief.

### 3. PLAINTIFF FAILS TO PLEAD A VIABLE CLAIM FOR FRAUD

To state a fraud claim, plaintiff must allege: (i) a false representation of a material fact, (ii) knowledge of its falsity, (iii) intent to defraud, (iv) actual and justifiable reliance, and (v) resulting damage. *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986); *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004). Moreover, to assert such claims against a corporation, such as Wells Fargo, plaintiff must also specifically plead: (1) the misrepresentation, (2) the speaker and his or her authority to speak, (3) when and where the statements were made, (4) whether the statements were oral or written, (5) if statements were written, the specific documents containing the representations, and (6) the manner in which the representations were allegedly false or misleading. *Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 549 (9th Cir. 1989). "Plaintiffs must not only specify how alleged statements were false, but must specify how statements were false when they were made." *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 U.S. Dist. LEXIS 42333, at *16 (E.D. Cal. April 18, 2011).

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, fraud allegations are subject to a higher pleading standard, and must be specifically pled. *Glen Holly Entm't, Inc. vs. Tektronix, Inc*., 100 F. Supp. 2d 1086, 1093-1094 (C.D. Cal. 1999); *Schreiber Distrib. Co. v. ServWell Furniture Co*., 806 F.2d 1393, 1401 (9th Cir. 1986) (holding that fraud claims require the pleader to "state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation"). Vague or conclusory allegations are insufficient to satisfy Rule 9(b)'s "particularity" requirement. *See Moore*, 885 F.2d at 540; *Cadlo*, 125 Cal. App. 4th at 519 (2004) ("Each element in a cause of action for fraud or negligent misrepresentation must be factually and specifically

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  alleged"). Rule 9(b) serves to furnish the defendant with notice, but also imposes
2  the additional obligation on the plaintiff to "aver with particularity the
3  circumstances constituting the fraud." "This means the who, what, when, where,
4  and how . . . ." *Glen Holly*, 100 F. Supp. 2d at 1094. Indeed, "[d]ismissal of a
5  fraud claim is appropriate when its allegations fail to meet the required pleading
6  standard." *Brown v. Bank of Am. N.A.*, 2011 U.S. Dist. LEXIS 38991, at *15 (E.D.
7  Cal. Mar. 31, 2011).

8      Here, plaintiff fails to state a viable claim for fraud and such claim is not
9  pled with the particularity required by Rule 9(b). Plaintiff alleges that Wells Fargo
10 made false representations regarding the total past due amount owing on the loan,
11 the amount necessary to reinstate the loan and the foreclosure status. (Comp. ¶28).
12 Yet, plaintiff fails to allege facts showing the alleged employee's authority to
13 speak, how the representations were false, and how they were false when they were
14 made. Plaintiff alleges that in 2012, she experienced financial difficulties and was
15 unable to make her mortgage payments. (Comp. ¶8). Plaintiff alleges that the
16 property went into foreclosure status in March 2013. (Comp. ¶10). However, a
17 Notice of Default was recorded on December 18, 2012, stating arrears of $8,917.69
18 as of December 14, 2012. (RJN Exh. C). This was the initiation of the foreclosure
19 process. On March 21, 2013, the Notice of Trustee's Sale was recorded, giving
20 notice of a sale date of April 11, 2013. (RJN Exh. D). It appears the sale did not
21 proceed on that date. (Comp. ¶¶11-15). Plaintiff alleges that in November 20,
22 2013, she was told that the reinstatement amount was $9,430.68 and that this was
23 confirmed in the loan statement of November 20, 2013. Plaintiff further alleges
24 that based thereon, she paid Wells Fargo $9,430.68 and was told the loan was no
25 longer in foreclosure and/or the sale was postponed. (Comp. ¶¶12-15). Plaintiff
26 does not allege any facts showing how these statements were false.

27     Indeed, the November 20, 2013 loan statement states that the amount past
28 due was $9,430.68, but as indicated therein, the amount reflects only payments

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

past due after the filing of her bankruptcy petition. (RJN Exh. E – Sections 2 & 5). Section 5 of the November 20, 2013 loan statement states under "Important Messages":

> **If you are in Bankruptcy this statement is for informational purposes only. It reflects Post Petition amounts under Section 2** (except for Total Outstanding Deferred Interest) and may not include all fees incurred. **Please contact the Bankruptcy Department at 1-866-259-7728** if you would like to stop receiving statements, have any questions, do not accept this statement as a conforming statement, or **to request Reinstatement figures, as this statement is not intended to be used for reinstatement purposes.** While the loan is in active bankruptcy status, you may not be able to access the account online.

(RJN Exh. E – Section 5; emphasis added). Plaintiff filed a Chapter 13 Bankruptcy Petition on July 10, 2013 in the United States Bankruptcy Court, Central District of California, Case No. 2:13-bk-27632-NB. (RJN Exh. F). Thus, there was no false representation as plaintiff was told the post-petition amount past due on the loan.

Moreover, plaintiff fails to allege any reasonable reliance. Plaintiff was informed that the amount she alleges she paid to Wells Fargo was only for post-petition amounts past due and was not the amount necessary to fully reinstate the loan. Plaintiff does not allege that she contacted the Bankruptcy Department to ascertain the full reinstatement amount. Further, the Notice of Default indicates that in December 2012, plaintiff was $8,917.69 in arrears from payments due and owing since July 2012 (7 months). Plaintiff does not allege that she paid the arrears stated in the Notice of Default or made any other payments to Wells Fargo from December 2012 to November 2013 (the next 12 months). Therefore, plaintiff knew, or should have known, that in November 2013, the reinstatement amount could not have been less than $18,000.00, which would include the arrears stated in the Notice of Default in December 2012 ($8,917.69) and the post-petition arrears from July 2013 – November 2013 ($9,430.68). And in fact, the amount

1  was considerably more when you add the past due payments from the time of the
2  recording of the Notice of Default in December 2012 to the filing of the
3  Bankruptcy Petition in July 2013 (another 7 months).  Thus, plaintiff could not
4  have reasonably believed that $9,430.68 was sufficient to fully reinstate her loan.

5  Furthermore, plaintiff fails to allege any facts showing justifiable reliance
6  resulting in actual damage.  "Actual reliance occurs when a misrepresentation is
7  'an immediate cause of [a plaintiff's] conduct, which alters his legal relations,' and
8  when, absent such representation, 'he would not, in all reasonable probability, have
9  entered into the contract or other transaction.'"  *Conroy v. Regents of Univ. of*
10 *Calif.*, 45 Cal. 4th 1244, 1256 (2009).  Insufficient factual allegations of any
11 element of fraud, subject a complaint to dismissal.  *Id*.  *See also Graham v. Bank of*
12 *America, N.A.,* 226 Cal. App. 4th 594, 608 (2014) ("For active misrepresentation, a
13 plaintiff must plead and prove reliance on the representation was a substantial
14 factor in causing harm to the plaintiff.")

15 Here, plaintiff fails to allege any specific damages she allegedly suffered as
16 a result of her alleged reliance.  There are no allegations of "a sufficient nexus
17 between the alleged misrepresentations or concealment and [her] alleged economic
18 harm."  *Id.*  Plaintiff still owns the Property and the past due balance was
19 $16,344.32 as of March 2014.  (Comp. ¶25).  Plaintiff does not allege that she paid
20 this amount to Wells Fargo.  Nor does she allege that she made any payment to
21 Wells Fargo in January 2014, despite allegations that her next payment was due in
22 January 2014.  Indeed, any harm allegedly suffered by plaintiff was caused by her
23 failure to timely make her loan payments as promised.  Thus, plaintiff fails to
24 allege resulting damage.

25 Accordingly, plaintiff fails to state a claim for fraud and the first claim
26 should be dismissed without leave to amend.
27 / / /
28 / / /

                                                   MEMORANDUM OF POINTS & AUTHORITIES

### 4. **PLAINTIFF FAILS TO STATE A CLAIM FOR QUIET TITLE**

In the second claim for relief, plaintiff seeks to quiet title to the Property based on allegations that Wells Fargo has "no right, title or interest whatsoever therein". (Comp. ¶¶35-38). However, plaintiff fails to state any legal or factual basis to quiet title to the Property in her favor.

Moreover, "[i]t is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934). *See also Gavina v. Smith*, 25 Cal. 2d 501, 505-506 (1944) (citing *Shimpones*); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477-79 (1974) (court held the borrower cannot "quiet title without discharging his debt. The cloud upon his title persists until the debt is paid."). Indeed, "[a] basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust.'" *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) (citation omitted). "Thus, it is dispositive as to this claim that, under California law, a borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property." *Id*. Here, plaintiff does not allege any facts showing that she tendered repayment of the entire debt or satisfied her obligations under the Deed of Trust. Thus, plaintiff has no viable claim for quiet title.

Accordingly, the second claim for relief should be dismissed without leave to amend.

### 5. **PLAINTIFF FAILS TO STATE A CLAIM FOR DECLARATORY RELIEF**

As numerous courts have recognized, declaratory relief is a remedy, not an independent claim for relief. *See Javaheri v. JPMorgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 114510, at *23-*24 (C.D. Cal. Aug. 13, 2012) ("Claims for declaratory and injunctive relief are ultimately prayers for relief, not causes of

1 action. [Plaintiff] is not entitled to such relief absent a viable underlying claim.");
2 *Pazargad v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 94850, at *6-*7
3 (C.D. Cal. Aug. 23, 2011) ("Declaratory relief is not an independent claim, rather it
4 is a form of relief."); *Santos v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS
5 103453, at *13 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive relief are not
6 independent claims, rather they are forms of relief."). Further, a motion to dismiss
7 is appropriately granted if the facts (as pled or judicially noticed) establish that a
8 plaintiff has no right to the declaration sought. *United States v. Washington*, 759
9 F.2d 1353, 1353 (9th Cir. 1985).

10 Here, no controversy exists for which this Court can grant relief. Plaintiff's
11 claim for declaratory relief is based on the identical issues raised in her preceding
12 claims for fraud and quiet title. (Comp. ¶¶41-45). Hence, the claim is duplicative.
13 Further, as explained above, such claims are defective. Thus, there is no viable
14 underlying claim and no "ongoing controversy". *See Swartz v. KPMG LLP*, 476
15 F.3d 756, 765-66 (9th Cir. 2007) ("To the extent [plaintiff] seeks a declaration of
16 defendants' liability for damages sought for his other causes of action, the claim is
17 merely duplicative and was properly dismissed.").

18 Accordingly, the third claim for relief should be dismissed without leave to
19 amend.

20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# 6. CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests an order dismissing the first through third claims for relief without leave to amend, and dismissing the Complaint with prejudice.

Respectfully submitted,

Dated: July 16, 2014

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: */s/ Lynette Gridiron Winston*
Lynette Gridiron Winston
lwinston@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A.
(erroneously sued as "Wells Fargo Home Mortgage", which is a division of Wells Fargo Bank, N.A.)

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On July 16, 2014, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on all interested parties in said case as follows:

**Served Electronically Via The Court's CM/ECF System:**

*Counsel for Plaintiff:*

Arturo Santana, Jr.
754 North Citrus Avenue
Covina, CA 91723

Tel: (626) 967-1500     Fax: (626) 967-1533

art@santanaesq.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in Pasadena, California, on July 16, 2014.

|  Jill Ashley  | /s/ Jill Ashley |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |